UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MALCOLM WASHINGTON,

                Plaintiff,

    v.                                                     9:21-CV-0992
                                                                     (GLS/CFH)

SHERIFF HARDER et al.,

                Defendants.

---

APPEARANCES:

MALCOLM WASHINGTON
Plaintiff, pro se
16-B-2263
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

On September 8, 2021, pro se plaintiff Malcolm Washington ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). On October 4, 2021, Plaintiff filed an Amended Complaint. Dkt. No. 4. ("Am. Compl."). By Decision and Order, filed October 5, 2021 (the "October Order"), the Court dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief could be granted. Dkt. No. 5. In light of his pro se status, Plaintiff was afforded an opportunity to amend his Amended Complaint. *Id.* Plaintiff's Second Amended

Complaint is now before the Court for review.  Dkt. No. 6 ("2d Am. Compl.").

## II.    REVIEW OF SECOND AMENDED COMPLAINT

### A.  Summary of Second Amended Complaint

In the caption and list of parties, Plaintiff identifies a new defendant, the Hon. William C. Pelella.[1]  *See* 2d Am. Compl. at 1, 2.  Plaintiff claims Judge Pelella directed defendant Sheriff Harder to arrest and detain Plaintiff in the Broome County Jail ("Broome C.J.") on October 27, 2019.  *Id*. at 3.  Harder directed defendant Sgt. Bruce to process Plaintiff in the jail.  *Id.*  Plaintiff alleges he was falsely detained and imprisoned, until November 7, 2019, for first degree sexual misconduct on "fabricated charges" without a victim, police report, investigation, or the opportunity to consult an attorney.  *Id*.

Plaintiff asserts the following claims: (1) Fourth Amendment false arrest and/or false imprisonment; (2) conspiracy; (3) Fourteenth Amendment equal protection; and (4) obstruction of justice.  *See* 2d Am. Compl. at 5.  Plaintiff seeks monetary damages and expungement of his criminal record.  *Id.*

### B.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the October Order.  *See* Dkt. No. 5 at 2-3.

Additionally, a court reviewing a complaint pursuant to Section 1915A may also consider whether the claims asserted by the plaintiff are duplicative of claims asserted in another action against the same defendants.  It is well-settled that "[a]s part of its general

---

[1]  The Clerk of the Court is directed to add Judge Pelella as a defendant herein.

2

power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991). The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *Lopez v. Ferguson*, 361 Fed. App'x. 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class); *Flemming v. Wurzberger*, 322 Fed. App'x. 69, 71 (2d Cir. 2009); *Curtis*, 226 F.3d at 138.

In managing the litigation in its court, there are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *See Curtis*, 226 F.3d at 138. As the Second Circuit recognized in *Curtis*, "[o]f course, simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id*. at 138-39 (citing *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp*., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

Although no precise test has been articulated for determining whether actions are duplicative, *see, e.g.*, *Colo. River*, 424 U.S. at 817, the general rule which has emerged is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. Thus, "[c]ourts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn v. Tarnow,* 06-CV-12814, 2006 WL 2160934, *3 (E.D. Mich. July 31, 2006); *see I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

**C. Analysis**

    **1. Claims Against Judge Pelella**[2]

Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). "Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of the consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted)). The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability under Section 1983 for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson*, 386 U.S. at

---

[2] In August 2021, Plaintiff filed a section 1983 complaint in this District against Judge Pelella, "claiming that he was deprived of his civil rights when Binghamton City Court Judge William C. Pelella allegedly violated New York Criminal Procedure Law (CPL) § 10.30, acting 'based on malice and/or corruption as well as conspiracy to prosecute.'" *See Washington v. Pelella*, 2021 WL 3737753, at *2 (N.D.N.Y. Aug. 24, 2021). The Court dismissed the complaint based upon judicial immunity. *See id.* at *3.

554).  Thus, under the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for monetary damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions taken by the judge "in the complete absence of all jurisdiction."  *Huminski v. Corsones*, 386 F.3d 116, 137-38 (2d Cir. 2004) (citations omitted); *Gonzalez v. Sharpe*, No. 1:06-CV-1023, 2006 WL 2591065, at *2 (N.D.N.Y. Sep. 8, 2006).  Here, the facts suggest that Judge Pelella's actions occurred in his judicial capacity and within his jurisdiction.  *See* 2d Am. Compl. at 3.

Injunctive relief is not available in an action pursuant to 42 U.S.C. § 1983 against a judicial officer for acts taken in that official's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable."  *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (quoting 1996 amendments to § 1983).  Here, Plaintiff has not alleged that any declaratory decree was violated or that declaratory relief was unavailable.

While the doctrine of judicial immunity does not bar claims for prospective declaratory relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984); *Supreme Court v. Consumers Union, Inc.*, 446 U.S. 719 735 (1980), here, Plaintiff seeks an expungement of his criminal record, which is retrospective.  *See Panowicz v. Hancock*, No. 11-2417, 2012 WL 4049358, at *7 (D. Md. Sept. 12, 2012) ("The majority of courts have held that an expungement of any kind constitutes retrospective relief impermissible under § 1983.") (citing *Ellis v. Dyson*, 421 U.S. 426, 441 (1975)).

Accordingly, the doctrine of judicial immunity shields Judge Pelella.

### 2. Claims Against Harder and Bruce

In the October Order, the Court dismissed Plaintiff's claims against Harder and Bruce

for failure to plead facts implicating Harder and Bruce in any unconstitutional conduct. Dkt. No. 5 at 5. In the Second Amended Complaint, Plaintiff attempts to remedy the deficiencies in the prior pleading claiming that Harder ordered Bruce to detain Plaintiff at the Broome C.J. 2d Am. Compl. at 6.

Prior to this action, Plaintiff commenced *Washington v. Harder*, No. 9:20-CV-0023 (GLS/TWD) ("*Washington I*"), Dkt. No. 1 (N.D.N.Y. Jan. 2020), with the filing of a civil rights complaint in this district asserting claims arising from a hearing in Binghamton City Court before Judge Pelella in October 2019 and Plaintiff's confinement at Broome C.J. from October 2019 until November 2019. *See Washington I*, Dkt. No. 1. The complaint set forth the same facts, Fourth Amendment claims, and a claim for monetary damages.[3] *Compare Washington I*, Dkt. No. 1, *with* 2d Am. Compl.

In February 2020, following an initial review of the complaint in *Washington I*, this Court concluded that the allegations were not sufficient to state a claim for the violation of Plaintiff's Fourth Amendment rights. *See Washington I*, Dkt. No. 7 (the "February Order"). The Court held:

> In October 2019, Plaintiff was already in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). *See* Compl. at 4; *see also* DOCCS, Inmate Lookup, http://nysdoccslookup.doccs.ny.gov (last visited Feb. 26, 2020) (demonstrating that Plaintiff was transferred to DOCCS' custody on August 8, 2016). Therefore, because Plaintiff was "already effectively 'seized,' " he has failed to state a claim for false imprisonment. *Turner*, 130 F.Supp.2d at 1225. Moreover, the Complaint is devoid of any allegation regarding the nature of the decisions made and proceedings held in Binghamton City Court.

---

[3] Judge Pelella was not named as a defendant in *Washington I*.

Dkt. No. 7 at 6-7.

Plaintiff was afforded an opportunity to file an amended complaint. *See Washington I*, Dkt. No. 7. From June 2020 until September 2020, in lieu of an amended pleading, Plaintiff filed various motions, which were all denied. *See id.*, Dkt. Nos. 17, 20, 21, 23, 24, and 25. On February 4, 2021, the Court issued an Order dismissing the action, without prejudice, due to Plaintiff's failure to comply with the Court's prior orders. *See id.*, Dkt. No. 31. Judgment was entered on February 4, 2021. *See id.*, Dkt. No. 32.

After carefully considering the matter at hand, Plaintiff's Fourth Amendment claims in this action are duplicative of those asserted in *Washington I*. In reaching this conclusion, the Court has examined the "identity of parties, legal claims, factual allegations including temporal circumstances, and the relief sought," and there is no difference between the Second Amended Complaint in this action and Plaintiff's claims in *Washington I*. *See Hahn,* 2006 WL 2160934, at *3.

Alternatively, Plaintiff's constitutional claims against Harder and Bruce are also barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). As discussed in the October Order, Plaintiff is a frequent litigator in this Court.[4] *See* Dkt. No. 5 at 6-7. In the February Order in *Washington I*, this Court noted:

> The Complaint is devoid of facts related to the charge(s), the arrest, or whether Plaintiff was convicted or entered a plead as to any charges. Therefore, the Court will refrain from discussing whether the claims for false arrest and/or false imprisonment are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Matthews v. County of Cayuga*, 5:17-CV-1004 (MAD/TWD), 2018 WL 2926272, at *3 (N.D.N.Y. June 8, 2018) ("Under *Heck*

---

[4] Since 2019, Plaintiff has filed seven civil actions in this District. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Nov. 16, 2021).

>and its progeny, a '§ 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' " (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).

Dkt. No. 7 at 8, n.6.

Based upon the Court's statement in *Washington I*, and orders issued in Plaintiff's other civil actions, Plaintiff is undoubtedly aware of the impact of *Heck* and the need to plead facts related to the criminal proceeding. *See Washington v. Broome Cty. Dist. Attorney's Off.*, No. 3:20-CV-1099 (GLS/ML), 2020 WL 9455048, at *6 (N.D.N.Y. Nov. 24, 2020), *report and recommendation adopted*, 2021 WL 1660480 (N.D.N.Y. Apr. 28, 2021).  Nevertheless, in this action, Plaintiff alleges he was charged with sexual assault in the first degree, but does not contend that proceedings related to that the charge were overturned, expunged, or otherwise invalidated.  Indeed, in this action, Plaintiff seeks to expunge his record.

Accordingly, Plaintiff's claims for violations of his due process rights, conspiracy, obstruction of justice — all of which are patent attacks on the validity of his conviction — are barred.  *See Washington,* 2020 WL 9455048, at *6 (citing *Roberites v. Huff*, 11-CV-0521, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) (dismissing as premature, pursuant to *Heck*, due process, conspiracy, obstruction of justice, fabrication of evidence, and equal protection claims related to the plaintiff's conviction where the plaintiff was convicted of the underlying criminal charges and his appeal was still pending)).

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796

(2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

This rule applies even to pro se plaintiffs. *See, e.g.*, *Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1. As explained above, while the special leniency afforded to pro se civil rights litigants somewhat loosens the procedural rules governing the form of pleadings, it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards set

9

forth in Rules 8, 10 and 12 of the Federal Rules of Civil Procedure; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in those Rules are procedural and even pro se civil rights plaintiffs must follow them.

Here, Plaintiff was afforded a fair and reasonable opportunity to amend his complaint in *Washington I,* and in the present matter, to set forth cognizable claims.  Dismissal of this action with prejudice is warranted because the Second Amended Complaint represents Plaintiff's second unsuccessful attempt to articulate legally cognizable claims against Defendants, a failure which is due to pleading deficiencies which are substantive, such that further amendment would be futile. *See Cuoco*, 222 F.3d at 112.

### III.     CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk of the Court is directed to add Judge Pelella as a defendant herein; and it is further

**ORDERED** that the Second Amended Complaint (Dkt. No. 6) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk is directed to enter judgment and close this case; and it is further

**ORDERED** that, for purposes of 28 U.S.C. § 1915(a)(3), any appeal taken from this Decision and Order would not be taken in good faith.

**IT IS SO ORDERED.**

November 18, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge